**Tamer Ezzat THABET, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76581.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Tamer Ezzat Thabet, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), we deny the petition for review.

The agency based its adverse credibility determination on Thabet's failure to mention in his written statement that Islamic militants attempted to kidnap him, causing him to leave Egypt. Because this incident goes to the heart of Thabet's claim, and the agency reasonably rejected Thabet's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

proffered explanation for the omission, substantial evidence supports the adverse credibility determination. *See id.* at 962–63. Accordingly, Thabet has failed to establish eligibility for asylum and withholding of removal. *See id.* at 964.

Because Thabet's CAT claim is based on the same testimony that the agency found not credible, and he points to no other evidence the agency should have considered, his CAT claim also fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**